UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv--01414-JGB (JDE) | Date | November 22, 2022 |
|---|---|---|---|
| Title | Donald Renfro, III v. West Valley Detention Center, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order to Show Cause re Service

On August 17, 2021, Donald Renfro, III ("Plaintiff"), a pretrial detainee at West Valley Detention Center ("West Valley"), proceeding pro se, filed a civil rights Complaint based on conduct that allegedly occurred at West Valley. Dkt. 1. After several screening orders under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), on April 6, 2022, Plaintiff filed the operative Third Amended Complaint. Dkt. 14 ("TAC"). Following a further screening order, on June 15, 2022, Plaintiff filed a Notice of Election to proceed solely with a Fourteenth Amendment Due Process Clause claim against Defendant Deputy Menoz, after which the Court directed that service of the operative process be effected by the U.S. Marshal ("USM") upon Deputy Menoz. See Dkt. 24-29.

On July 18, 2022, the USM filed a Return indicating that the summons and TAC could not be served upon Deputy Menoz, as no such person worked at West Valley. Dkt. 45. Thereafter, on August 31, 2022, Plaintiff filed a Motion for Leave to Amend Notice of Election to replace "Deputy Menoz" with "Deputy S. Moreno." Dkt. 50 ("Motion"). In the Motion, Plaintiff stated that he mistakenly referred to the defendant as Deputy Menoz, but has since learned that the correct name is Deputy S. Moreno, and asked that his Notice of Election, along with the summons, be amended to reflect the true name of this defendant. Id. at 1-2. On October 6, 2022, the Court granted the Motion (Dkt. 51), issued an amended order re service, later corrected, to reflect the name for service as S. Moreno, and an amended summons in the name of Defendant S. Moreno. Dkt. 52, 53, 56.

On November 4, 2022, the USM filed a Process Receipt and Return stating that West Valley advised that it could not locate an employment verification for a Deputy S. Moreno who worked at West Valley. Dkt. 57 ("Notice").

Plaintiff is reminded that under Rule 4 of the Federal Rules of Civil Procedure, Plaintiff bear ultimate responsibility to identify and serve defendant in a timely manner, normally 90 days after the filing of the complaint, absent a showing of good cause for additional time. The Court finds, sua sponte, that based on Plaintiff's custodial status, that there is good cause to extend the service deadline by 60 additional days beyond the otherwise applicable 90 days, all measured from June

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv--01414-JGB (JDE) | Date | November 22, 2022 |
|---|---|---|---|
| Title | Donald Renfro, III v. West Valley Detention Center, et al. | | |

21, 2022, the date the Court directed that the FAC be served as to the sole then-identified defendant Menoz. However, as of the date of this Order, more than 150 days have passed since June 21, 2022, and no defendant has been served.

Therefore Plaintiff is ORDERED to show cause, in writing, <u>within 30 days from the date of this Order</u>, why this action should not be dismissed for failure to serve the sole remaining defendant within 150 days from the date service of such defendant was authorized. If Plaintiff contends that good cause exists for additional time to identify and serve defendant, Plaintiff shall submit evidence in support of such a contention, including efforts Plaintiff has taken to identify defendant.

IT IS SO ORDERED.